# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

PATRICK A. CANNAVAN,

        Plaintiff,

    v.

JEFF MACOMBER,

        Defendant.

Case No.  1:25-cv-01482-JLT-BAM (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

(ECF No. 22)

ORDER STRIKING SECOND AMENDED COMPLAINT

(ECF No. 21)

**THIRTY-DAY DEADLINE**

Plaintiff Patrick A. Cannavan ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 10, 2026, the Court screened Plaintiff's first amended complaint and found that it failed to comply with Federal Rules of Civil Procedure 8, 10, 18, and 20 and failed to state a cognizable claim for relief.  (ECF No. 20.)  The Court directed Plaintiff to file a second amended complaint, not to exceed twenty (20) pages in length, excluding exhibits, or file a notice of voluntary dismissal within 30 days. (*Id.* at 16, 17.)

On June 26, 2026, Plaintiff filed a second amended complaint, along with a motion for appointment of counsel.  (ECF Nos. 21, 22.)

1

**I.      Motion for Appointment of Counsel**

Plaintiff requests the Court appoint him counsel, asserting he has a substantial eye injury and dexterity issues.  (ECF No. 22 at 3.)  Plaintiff indicates that he is not able to continue to support his litigation.  He has difficulty reading any legal documents, has no known legal understanding, has difficulty processing the matter, and cannot provide for the most basic human needs on his own.  (*Id.*)  He asserts that the Court may consider his request for counsel in the context of his ADA claims.  (*Id.*)

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand,* 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed almost daily by prisoners with limited legal training or understanding of the law.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  The action is still in the screening stage.  Further, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Despite his assertion that his disability renders him unable to continue to support this litigation, Plaintiff has filed multiple amended complaints with extensive

2

allegations and citations to rules, statutes, and case law, and his motion for counsel presented a legal argument, supported by allegations, argument, and case law.

Accordingly, Plaintiff's motion for appointment of counsel will be denied without prejudice.

**II.    Second Amended Complaint**

In preparing to screen the second amended complaint, the Court notes that it exceeds 30 pages in length, incorporates by reference a 40-page attachment, and includes more than 70 pages of exhibits.  (*Id.*)

As Plaintiff's second amended complaint does not comply with the Court's order not to exceed twenty pages in length, the Court will strike it from the record.  Plaintiff will be permitted to file a second amended complaint that complies with the Federal Rules of Civil Procedure, the Local Rules, and this Court's prior screening order.

Plaintiff is reminded that his amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

**III.    Conclusion and Order**

Based on the above, it is HEREBY ORDERED that:

1.  Plaintiff's motion for the appointment of counsel (ECF No. 22), is DENIED without prejudice.

3

2. Plaintiff's second amended complaint, filed June 26, 2026, (ECF No 21), is STRICKEN from the record for failure to comply with the Court's page limitations.

3. The Clerk's Office shall send Plaintiff a complaint form;

4. Within **thirty (30) days** from the date of this order, Plaintiff shall file a second amended complaint, **not to exceed twenty (20) pages in length**, curing the deficiencies identified in the Court's June 10, 2026 screening order (or file a notice of voluntary dismissal);

5. **If Plaintiff fails to comply with this order, then the Court will recommend dismissal of this action, with prejudice, for failure to state a claim, failure to obey a court order, and for failure to prosecute.**

IT IS SO ORDERED.

Dated:   **June 30, 2026**                     /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

4