# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICK A. CANNAVAN,

Plaintiff,

v.

JEFF MACOMBER,

Defendants.

Case No. 1:25-cv-01482-JLT-BAM (PC)

ORDER DISREGARDING OBJECTIONS TO FINDINGS AND RECOMMENDATIONS

(ECF No. 25)

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION

(ECF No. 24)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff Patrick A. Cannavan ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The action was transferred to this Court on November 4, 2025. (ECF No. 8.) On April 22, 2026, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 18.) On June 10, 2026, the Court screened Plaintiff's first amended complaint and granted him a final opportunity to amend his complaint. (ECF No. 20.) Plaintiff filed a second amended complaint on June 25, 2026, (ECF No. 21), which the Court struck from the record because it did not comply with the June 10, 2026 screening order, (ECF No. 23). Plaintiff subsequently filed a second amended complaint on July 24, 2026. (ECF No. 24.) On September 17, 2026, Plaintiff filed objections to findings and recommendations issued in Case Nos. 1:26-cv-06995-EGC (PC) and 1:26-cv-06992

(PC). (ECF No. 25.) As Plaintiff's objections are unrelated to the instant action, they are HEREBY DISREGARDED. Plaintiff's second amended complaint, filed on July 24, 2026, is now before the Court for screening. (ECF No. 24.)

**I. Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names more than thirty-five (35) different defendants. Plaintiff's claims and causes of action include partial summaries of various grievances from 2023 through 2026 and their outcomes, along with legal citations and arguments. (*See* ECF No. 24 at 7-17.)

Plaintiff brings First Amendment retaliation claims against defendants for "any claims arising from the denial of his 'right' to 'litigate, provide legal assistance to incarcerated individuals-ADA/ARP-persons." (*Id.* at 9.) Plaintiff alleges:

> Postal Supervisor CO. Grando (Spelling) confiscated legal mail without any Pre-notice to petitioner, wherein confiscated legal mail from 03-09-2025 to 05-29-2025 (+/-), Grando, notifying Cpt. Morales, who instructed Lt. Montano to issue a Rules Violation Report (herein RVR) punishing Petitioner for allege improper use of Proof of Service (POS). Petitioner filed a 602 Grievance, seeking Body Watch Camera (herein: B.W.C.) and Audio Video Surveillance System (herein: A.V.S.S.) to secure all evidence (CCR Title 15§ 3720.2 & § 3270.3.) Regulation that requires all footage to be retain until the court authors its destruction. During conversation with CO. Garcia . . . in direct correlation of the actions of confiscation, Pettion narrated a full conversation of the Legal Mail being pulled from the Fed. Postal service, preventing its mailing. BWC/AVSS destroyed.

(*Id.*)

Plaintiff also appears to assert a civil RICO (Racketeer Influenced and Corrupt Organizations Act) claim against defendants. Plaintiff contends that defendants committed multiple predicate acts, including obstruction of justice. (*Id.* at 11-12.)

As noted above, Plaintiff includes a series of numbered claims based on his grievances. In Claim 1, Plaintiff cites Grievance #700133 and asserts that more than 20 defendants retaliated against him and violated his rights under the Americans with Disabilities Act ("ADA"). Plaintiff alleges "'petitioner was removed from education due to his dexterity disability' 06/17/2025, ….directly due to the disability, Education noted you would be unassigned from education. Creating an 'illogical prejudice to a "Protected Conduct." (*Id.* at 13.)

In Claim 1(a), Plaintiff cites Grievance #654470 and alleges "*Decision: Time Expired,* (Denying 'a *fair opportunity*')." (*Id.*)

In Claim 1(b), Plaintiff cites Grievance #521619 and asserts that more than 15 defendants retaliated against him and violated his rights under the ADA. Plaintiff alleges "Library Technical Assistant's action on February 13, 2024. Discriminated against claimant as ruled upon by the OOA (Office of Appeal) All in contravene to the Constitution Title II §5." (*Id.*)

In Claim 1(c), Plaintiff asserts that defendants collectively prejudiced his ADA rights, alleging "August/September 2025 N. Richmond-Education dep. resending all education credits, creating a 'longer' stay in prison, violating a 4th Amend liberty interest. (N. Richmond letter

rescinded credits admitting their errors)." (*Id.* at 14.)

In Claim 1(d), Plaintiff cites Grievance #502510 and alleges he "filed an ADA violations of complaint of, retaliation, threats and intimidations, Unauthorized issuance of an RVR for seeking 'a reasonable accommodation' to ADA services. Staff (all) & (LTA) M. Martinez allowing herself and authored I/M's to make threats and acts in violation of policy and the defendant collectively failed to handle in accordance to policy. Denying petitioner's 'Protected Conduct.'" (*Id.*)

In Claim 1(e), Plaintiff cites Grievance #646608 and alleges "October 31, 2024, you were interviewed. . .Local Policy is being revised to allow for the accommodation (ADA). . . This change will occur within the next 90 days. (*In-para*) (Special notice: as of this filing), Petitioner is 'NOT' allowed to utilize the policy, (typewriter)." (*Id.*)

In Claim 1(f), Plaintiff cites Grievance #574557 and alleges "R.A.P.-Reasonable Accommodation Panel informed you that you could not assist other I/M with legal work, which is inconsistent with department regulations. Disallowing a 'Protected Conduct.'" (*Id.*)

In Claim 1(g), Plaintiff cites Grievance/RAP meeting log # 469255 and alleges "Vice Principle S. Spencer on October 24, 2023, provided American with Disabilities Act (ADA) with DPV (add Disabled Person Vision) stating You do not have the right to assist other inmates with legal work." (*Id.* at 15.)

In Claim 1(h), Plaintiff cites Grievance #518902 and states "Appellant alleges, staff are not allowing appellant to assisting other inmates with their legal work, nonetheless are allowing other Inmates to assist & fill out legal documents on Tuesday from 1:00 p.m. to 2:00 p.m. Controlling Authority: title 15, §§3163, prejudicing a '*Protected Conduct'* by adverse actions." (*Id.*)

In Claim 1(i), Plaintiff cites Grievance #561324 and alleges "American with Disabilities Act Printing in the Libraries Memorandum dated May 26, 2023. is an underground policy not supported by regulations. O.O.A Decision." (*Id.*)

In Claim 2, Plaintiff alleges:

Mrs. Hampson & Mars. S. Spencer, (Defendants"), directly violated *Bounds v.*

> *Smith*, which is the controlling case in the Title 15 and a guide to meaningful access to the courts, assisting other I/M . . . . There exists 5 years' worth of grievances in the effort to gain such access and ability. Defendants (Starting in 2021 through current 2026) violating rules, requiring persons to scan and forward "all" petitioner's legal documents to Hampson, who reads them and proceeds to review on-line to determine 'IF" petitioner will be allowed to copy, print, access, print exhibits or not print, of if assisting others, to deny all abilities, directly instructing others to violation a "Protected Conduct."

(*Id.* at 18.)

In Claim 3, Plaintiff seeks a declaratory judgment, punitive and compensatory damages, and injunctive relief to order "staff to stop actions preventing him from education of, law studies, assisting other, library printing (printing in general) and follow O.P. §542." (*Id.* at 19.)

In Claim 4, Plaintiff asserts retaliation and alleges "defendants (Education) along with the I.T. department willfully destroyed all Petitioner's court filings, an unlawful attempting to gain the advantage over Petitioner, interfering with *1st amend. Protected right to civil Due Process and the 'Protected Conduct*.' Wherein, e-mail records from the (I.T.) department-education) and Mr. Fanning shall be required." (*Id.* at 20.)

In Claim 5, Plaintiff appears to assert a violation of the ADA based on his removal from educational programming. He claims he was excluded from programs that receive federal funds as a punishment following an assault by an officer, and "RVR-Stacking was subsequent retaliation for reporting the CO." (*Id.*)

In Claim 6, Plaintiff alleges:

> Defendants interfered with access to the law materials, courts, legal copies, prints, legal materials, duplication printing, exhibits in the furtherance of litigation, LTA. fail to show, perform duties, had personal issues, reached time at work limit (if any), and in general was not present to allow for 'meaningful access." The O.O.A. found the library systematically failed to properly respond to 602 Grievances filed on this subject, therein denying '*a fair opportunity*' either not responding timely, transferring the burden to prove the case as claimed onto petitioner, where policy is the office of Education, Cor-SATF shall be responsible to demonstrate the issue not petitioner. Furthermore, when petitioner was injured in the library, Cor-SATF failed to address the structure that fell and struct petitioner, failing to protect petitioner. There exists a 'ministerial duty' to protect those in their care while in the institution.

(*Id.* at 21.)

In Claim 7, Plaintiff alleges that Defendant Raul Morales (Warden) "failed his 'ministerial

duty' when promulgating a change to the postal policy, e.g. paying for postage and use of the Proof of Service . . . Morales failed to instruct how to apply policy. The postal supervisor confiscated legal mail without Pre-notice to petitioner, confiscated & opened legal mail . . . from 03-02-2025 to 05-29-2025 (+/-)." (*Id.* at 21.) Plaintiff claims he did not violate policy and "[s]everal court deadlines to file, file an appeal and litigations were severely damaged." (*Id.*)

## III. Discussion

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's second amended complaint is not a short and plain statement of his claims. The amended complaint is disjointed, difficult to understand and does not clearly state what happened, when it happened, and who was involved. Plaintiff's complaint lacks sufficient factual matter to state a claim that is plausible on its face. Partial summaries of Plaintiff's grievances and their outcomes are not sufficient to state a claim, nor are Plaintiff's conclusory allegations, legal citations, and arguments. Furthermore, the format and structure of Plaintiff's second amended complaint make it difficult for the Court to determine that he has stated a cognizable claim and, in some instances, the nature of his claims. Plaintiff has not cured these deficiencies despite being provided with the relevant pleading standard.

### B. Federal Rule of Civil Procedure 10

Rule 10(b) of the Federal Rules of Civil Procedure requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate

transaction or occurrence ... must be stated in a separate count." Fed. R. Civ. P. 10(b). *Austin v. California*, No. 1:22-cv-00097-DAD-BAM, 2022 WL 3108800, at *4 (E.D. Cal. Aug. 4, 2022), report and recommendation adopted, No. 1:22-cv-00097-ADA-BAM, 2022 WL 3969551 (E.D. Cal. Aug. 31, 2022). Plaintiff's second amended complaint fails to comply with Rule 10(b). The amended complaint does not state claims in numbered paragraphs limited to a single set of circumstances. As indicated, the format and structure of the amended complaint make it difficult to ascertain the claims and allegations at issue. The Court provided Plaintiff with its form complaint to assist in the format and structure of his claims, but Plaintiff failed to utilize the form complaint or otherwise comply with the pleading requirements of Rule 10(b).

**C. Federal Rules of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff's second amended complaint inappropriately contains unrelated claims against unrelated parties. For instance, Plaintiff appears to complain about his removal from education due to his dexterity disability, while simultaneously complaining about denial of his ability to assist other inmates with legal work by library staff and issues with his outgoing mail. Plaintiff's assertion of RICO violations is not sufficient to demonstrate proper joinder of his claims. Plaintiff has not cured these deficiencies despite being provided with the relevant pleading standard.

**D. Supervisory Liability**

Plaintiff may be attempting to impose supervisory liability on Governor Newsom,

Secretary Macomber, Warden Morales and other supervisory defendants. However, liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir.2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

Plaintiff fails to adequately allege that Governor Newsom, Secretary Macomber, Warden Morales or other supervisory defendants participated in or directed a violation of Plaintiff's rights, knew of a violation of Plaintiff's rights and failed to act to prevent it, or implemented a policy so deficient that it was the moving force of any constitutional violation. In Claim 7, Plaintiff attempts to link Defendant Morales to a change in postal policy, but he fails to clearly allege what happened or that the policy itself was a repudiation of constitutional rights and the moving force of any violation. Further, Plaintiff's allegations fail to comply with Federal Rule of Civil Procedure 8.

**E. Americans with Disabilities Act and Rehabilitation Act ("ADA" and "RA")**

The ADA provides, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the

participation in programs or activities provided by a public entity." *Id.* § 12131(2).

To state a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits by the public entity, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. *Simmons v. Navajo County, Ariz,* 609 F.3d 1011, 1021 (9th Cir. 2010); *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). While the RA has the additional requirement that the program or activity receive federal funds, 29 U.S.C. § 794, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act. Thus, courts have applied the same analysis to claims brought under both statutes." *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (citations omitted).

To the extent Plaintiff intends to sue the individual named defendant for violation of his rights under the ADA, he may not "bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA." *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). The proper defendant in ADA actions is the public entity responsible for the alleged discrimination. *U.S. v. Georgia*, 546 U.S. 151, 153-54 (2006). State correctional facilities are "public entities" within the meaning of the ADA. *See* 42 U.S.C. § 12131(1)(A) & (B); *Pennsylvania Dep't. of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998); *Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997).

Plaintiff has not adequately alleged the elements to state a claim under Title II. Plaintiff's second amended complaint lacks facts demonstrating that he is otherwise qualified to participate in or receive a specific benefit of CDCR/CSATF's services, programs, or activities or indicate what specific programs or services he was denied due by reason of a disability. Vague and conclusory allegations regarding denial of education or certain library and printing services are not sufficient. Plaintiff does not allege that he was otherwise qualified to participate in the

education class from which he was "unassigned." As to the denial of other ADA accommodations, such as printing or library access, Plaintiff does not plausibly allege that the failure to provide the accommodations was done by reason of his disability.

**F. Removal from Education Program**

Courts have previously held that prisoners do not have an Eighth or Fourteenth Amendment right to educational, vocational, or rehabilitative programs. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (deprivation of job and educational opportunities did not amount to an Eighth Amendment violation); *Rizzo v. Dawson*, 778 F.2d 527, 530–31 (9th Cir. 1985) (inmates had no property interest in education programing in prison and therefore failed to present a Fourteenth Amendment claim); *see also Hoptowit v. Ray*, 682 F.2d 1237, 1254–55 (9th Cir. 1982) ("[T]here is no constitutional right to rehabilitation."), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *Smith v. Lambert*, 12 F. App'x. 570, 571–72 (9th Cir. 2001) (Inmates do not have a constitutional right to vocational training).

Plaintiff's claim that he was unassigned from his education program does not amount to a constitutional violation.

**G. Access to Courts**

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. In order to state a claim for the denial of court access, a prisoner must establish that he suffered an actual injury. *Id.* at 349. "[A]ctual injury [is] actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." *Id.* at 348; *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quoting *Lewis*, 518 U.S. at 353 & n.3); *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011).

Here, Plaintiff has not identified a criminal appeal, habeas petition, or civil rights action connected to this claim. He also has not alleged any actual injury to such an action. Plaintiff's conclusory allegations are not sufficient to state a claim.

///

**H. Legal Mail**

Plaintiff appears to allege that Defendant Grando confiscated Plaintiff's legal mail outside of Plaintiff's presence.

Prison inmates enjoy a First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). However, a prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are "reasonably related to legitimate penological interests." *Id.*, citing *Turner v. Safley*, 482 U.S. 78, 89 (1987). Further, a temporary delay or isolated incident of mail interference is usually insufficient to establish a constitutional violation. *See Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999); *Zaiza v. Tamplen*, No. 2:15–cv–0447–KJM–EFB P, 2016 WL 2930877, at *4 (E.D. Cal. May 19, 2016) ("An isolated incident of mail interference or tampering is usually insufficient to establish a constitutional violation.").

Plaintiff alleges that Defendant Grando confiscated Plaintiff's outgoing legal mail during a brief period from March 9, 2025 to May 29, 2025, and found improper use of proof of service. Plaintiff does not dispute the improper use of Proof of Service, nor does he challenge the underlying policy. He also does not allege that any prison official read his outgoing legal mail. Further, Defendant Grando's confiscation of Plaintiff's mail was limited to an isolated period of time.

**I. Grievances**

Although not entirely clear, Plaintiff may be attempting to complain about the grievance process. However, Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993). Accordingly, Plaintiff fails to state a cognizable claim arising out of the processing of his grievances or complaints.

///

**J. Prison Policy Violations**

To the extent defendants are alleged to have failed to comply with applicable prison regulations, rules, or policies, these deprivations do not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See*, *e.g.*, *Nible v. Fink*, 828 F. App'x. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (explaining all section 1983 claims must be premised on violation of federal constitutional right); *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (explaining state departmental regulations, like CDCR operations manual, do not establish a federal constitutional violation); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *4 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); *Tirado v. Santiago*, No. 1:22-cv-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

**K. Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (citation omitted). Mere allegations of retaliatory motive or conduct will not suffice, and not every allegedly adverse action will support a retaliation claim. *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of *post hoc*, *ergo propter hoc*, literally, 'after this, therefore because of this'") (citation omitted)). In addition, the plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. *Rizzo*, 778 F.2d at 532.

As with his prior complaint, Plaintiff appears to assert First Amendment retaliation claims against defendants "for any claims arising from the denial of his 'right' to 'litigate, provide legal assistance to incarcerated individuals-ADA/ARP-persons." (ECF No. 24 at 9.) This broad-based conclusory allegation is not sufficient to state a claim for retaliation. Plaintiff does not link any named defendant to his claim of retaliation, nor does he include the necessary factual allegations to state a plausible claim. Additionally, Plaintiff's conclusory allegation that "RVR-stacking was subsequent retaliation for reporting the CO" is insufficient to state a claim for retaliation. Plaintiff's remaining claims of retaliation are conclusory, and he does not clearly allege what happened, when it happened, or who was involved sufficient to state a claim.

**L. RICO**

Plaintiff asserts claims against defendants under RICO. "To state a civil RICO claim, plaintiff[ ] must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' 'business or property.' " *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (quoting 18 U.S.C. § 1964(c) ). To demonstrate injury for RICO purposes, plaintiffs must show proof of concrete financial loss, and not mere injury to a valuable intangible property interest. *Id.* Plaintiff has not adequately alleged a violation of RICO against prison staff,

and he has not demonstrated proof of concrete financial loss. Further, Plaintiff's allegations fail to meet the pleading requirements of Federal Rule of Civil Procedure 8.

**IV. Conclusion and Recommendation**

Plaintiff's second amended complaint fails to comply with Federal Rules of Civil Procedure 8, 10, 18 and 20 and fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to comply with Federal Rules of Civil Procedure 8, 10, 18, and 20 and for failure to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 28, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE